## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| Encore Wire Corporation<br><br>        Plaintiff,<br><br>v.<br><br>Southwire Company, LLC<br><br>        Defendant. | Civil Action No. 4:23-CV-00821<br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT FOR DECLARATORY JUDGMENT</u>

1.      Plaintiff Encore Wire Corporation ("Encore Wire") brings this Complaint for Declaratory Judgment ("Complaint") against Defendant Southwire Company, LLC ("Southwire") based upon Southwire's unwarranted and unfounded allegations that Encore Wire's products infringe at least fourteen patents held by Southwire (the "Asserted Patents").

2.      Southwire's actions have created a real, immediate, and justiciable dispute between Encore Wire and Southwire as to whether Encore Wire products infringe the Asserted Patents. These actions include Southwire's recent threatening actions and the history of litigation between the parties.

3.      Southwire recently sent letters to Encore Wire alleging that Encore Wire's products utilize and infringe the Asserted Patents, which fall into four patent families. *See* Exh. 1. Southwire made a specific charge of infringement by a specific product with respect to each of these patent families. That charge included identification of the Southwire patents (including identification of specific claims for many of the patents), identification of the specific Encore Wire products at issue, and a proposal to abate the infringement (either by remedying infringement or the possibility of a license).

1

4.      According to Southwire, it "actively protects its intellectual property." Exh. 1 at 16. There is a history of Southwire filing patent infringement lawsuits during negotiations with parties' and before resolutions are complete.

5.      In 2009, Southwire reached out to Encore Wire, alleging Encore Wire was infringing multiple Southwire patents. Mid-negotiation and without warning, Southwire filed two patent infringement litigations against Encore Wire. *Southwire Company v. Encore Wire Corporation et al*, 6-09-cv-00289 (EDTX); *Southwire Company v. Encore Wire Corporation*, 6-09-cv-00382 (EDTX). Then, while those cases were still pending, Southwire filed two additional patent infringement cases against Encore Wire. *Southwire Company v. Encore Wire Corporation et al*. 6-10-cv-00330 (EDTX); *Southwire Company v. Encore Wire Corporation et al*; 3-11-cv-00101 (NDGA).

6.      These prior cases involved patents from a patent family that is at issue in this action.

7.      In connection with these earlier cases, representatives from Southwire traveled to Encore Wire's manufacturing facility in McKinney, Texas to view Encore Wire's spray-on manufacturing process. As a result of the visit, Southwire dropped its infringement allegations for all of the patents, which included patents that are in the same patent family as U.S. Patent No. 10,763,010, which is at issue in this action.

**THE PARTIES**

8.      Encore Wire is a Delaware corporation with its principal place of business in McKinney, Texas.

9.      On information and belief, Southwire is a Delaware corporation with its principal place of business at One Southwire Drive, Carrollton, Georgia 30119.

## JURISDICTION AND VENUE

10.    This Declaratory Judgment Complaint includes counts for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

11.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Encore Wire seeks a declaration from the Court that Encore Wire's products either do not infringe the Southwire Asserted Patents, or that several of the Asserted Patents are unenforceable.

12.    This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

13.    This Court can provide the declaratory relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists because Southwire has accused Encore Wire of infringing the Southwire Asserted Patents and indicated its intention to take the steps necessary to protect its intellectual property rights. As discussed below, Encore Wire does not infringe and has not infringed the Asserted Patents, or, several of the Asserted Patents are unenforceable; and, therefore, Encore Wire has a right to engage in the complained-of activity.

14.    This Court has personal jurisdiction over Southwire as Southwire has a 500,000 square-foot campus in Denton, Texas which includes a full production facility and a 40,000 square-foot customer service facility. *See* Exh. 2. Furthermore, on information and belief, Southwire regularly does and/or transacts business in this state, contracts to supply goods in this state, and derives substantial revenue from this state such that it knows or should expect its actions to have consequences that may give rise to litigation in this state and district.

15.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2) and (3) and 1400(b) because a substantial part of the events or omissions giving rise to Encore Wire's claim occurred in this district and because Southwire is subject to the Court's personal jurisdiction.

## FACTUAL BACKGROUND

16.     Founded in 1989, Encore Wire is a leading manufacturer of copper and aluminum residential, commercial and industrial building wire.

17.     Encore Wire manufactures a broad range of electrical building wire for interior wiring and focuses on maintaining a high level of customer service with low-cost production and a breadth of products.

18.     According to the United States Patent and Trademark Office, Southwire is the assignee for the fourteen Asserted Patents: 9,403,659 ("the '659 Patent"); 10,266,366 ("the '366 Patent); 11,358,831 ("the '831 Patent"); 8,936,153 ("the '153 Patent"); 9,145,219 ("the '219 Patent"); 9,796,494 ("the '494 Patent"); 10,427,816 ("the '816 Patent"); 10,843,830 ("the '830 Patent"); 11,267,598 ("the '598 Patent"); 9,867,300 ("the '300 Patent"); 10,356,924 ("the '924 Patent"); 10,763,010 ("the '010 Patent"); 8,347,533 ("the '533 Patent"); and 9,070,308 ("the '308 Patent"). Copies of these patents are attached as Exhibits 3-16.

19.     The '659 Patent, the '366 Patent, and the '831 Patent are in the same patent family (collectively, the "Reel" Patent Family).

20.     The '153 Patent, the '219 Patent, the '494 Patent, the '816 Patent; the '830 Patent, the '598 Patent, the '300 Patent, and the '924 Patent are in the same patent family (collectively, the "Barrel" Patent Family).

21.     The '010 Patent is the "NM-B Patent" and is part of the "Internal Lubricant" Patent Family.

22.     The '533 Patent and the '308 Patent are in the same patent family (collectively, the

"Machine Applied Label" Patent Family).

23.     On August 11, 2023, Southwire sent a letter to Encore Wire regarding the Asserted Patents. *See* Exh. 1. In this letter, Southwire conveyed its belief that Encore Wire's products were utilizing patents in all four of the Southwire Patent Families. For example, Southwire asserted:

   a)  On information and belief, Southwire understands that as recently as September 2022, Encore's NM-B Building product utilizes the same technology as that claimed in at least Claim 16 of U.S. Patent No. 10,763,010.

   b)  Southwire understands that Encore's SmartColorID® technology utilizes the same technology as that claimed in at least Claim 1 of U.S. Patent No. 8,347,533 and at least Claim 1 of U.S. Patent No. 9,070,308.

24.     Specifically, "Southwire made a specific charge of infringement by a specific product with respect to each of these patent families. That charge included identification of the Southwire patents (including identification of specific claims for many of the patents), identification of the specific Encore products at issue, and a proposal to abate the infringement (either by remedying infringement or the possibility of a license)." Exh. 1 at 17.

25.     Southwire asserted that it valued its intellectual property and would take necessary steps to protect that property. Exh. 1 at 1.

26.     Encore Wire responded to Southwire on August 21, 2023, requesting additional information. Exh. 1 at 14-15.

27.     On September 7, 2023, Southwire responded making it clear it had provided Encore Wire with "[a]ctual notice" through "the affirmative communication of a specific charge of infringement by a specific accused product or device.'" (citations omitted). Exh. 1 at 16.

28.     Previously, Southwire filed a patent infringement suit against Encore Wire asserting U.S. Patent No. 7,557,301 ("the '301 Patent"). *See Southwire Company v. Encore Wire*

*Corporation et al*, 6-09-cv-00289 (EDTX). The '301 Patent is in the same patent family as the '010 Patent, which is the NM-B Patent Southwire is currently asserting against Encore Wire.

29.    Southwire also filed a patent infringement suit against Encore Wire asserting U.S. Patent No. 7,179,024 ("the '024 Patent"). *See Southwire Company v. Encore Wire Corporation et al.* 6-10-cv-00330 (EDTX). The '024 Patent is in the same patent family as the '010 Patent which is the NM-B Patent Southwire is currently asserting against Encore Wire.

30.    Given Southwire's actions, Encore Wire now files this Declaratory Judgment Complaint and seeks a declaration from this Court that Encore Wire products either do not infringe the Southwire Asserted Patents, or that several of the Asserted Patents are unenforceable.

31.    Despite the clear invalidity of many of the claims of the Asserted Patents, Encore Wire does not here present declaratory judgment claims for invalidity because doing so would risk estopping them under 35 U.S.C. § 315(a) from presenting such arguments before the Patent Trial and Appeal Board ("PTAB"). The omission of such claims here should not be taken as any admission by Encore Wire as to the validity of any Southwire Asserted Patent. Encore Wire reserves the right to seek a declaratory judgment in reply to any counterclaim of infringement by Southwire, as is permitted without risk of estoppel under 35 U.S.C. § 315.

## COUNT I—DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '659 PATENT

32.    Encore Wire restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

33.    Southwire has threatened Encore Wire with enforcement of its intellectual property rights for alleged infringement of Claim 9 of the '659 Patent by Encore Wire's Real Payoff® Premium reel assembly product.

34.    As a result, there is an actual, justiciable, substantial, and immediate controversy

between Encore Wire and Southwire regarding whether Encore Wire's Real Payoff® Premium reel assembly products infringe Claim 9 of the '659 Patent.

35.     Encore Wire's Real Payoff® Premium reel assembly products do not infringe Claim 9 of the '659 Patent.

36.     For example, Encore Wire's Real Payoff® Premium reel assembly products do not have the specific functionality claimed in Claim 9 of the '659 Patent of "the drum affixed to the axle such that the drum and the axle rotate in unison. . ."

37.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Encore Wire seeks a declaration that Encore Wire's Real Payoff® Premium reel assembly products do not infringe Claim 9 of the '659 Patent.

**COUNT II—DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '366 PATENT**

38.     Encore Wire restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

39.     Southwire has threatened Encore Wire with enforcement of its intellectual property rights for alleged infringement of Claims 11, 12, 17 and 18 of the '366 Patent by Encore Wire's Real Payoff® Premium reel assembly product.

40.     As a result, there is an actual, justiciable, substantial, and immediate controversy between Encore Wire and Southwire regarding whether Encore Wire's Real Payoff® Premium reel assembly products infringe Claims 11, 12, 17 and 18 of the '366 Patent.

41.     Encore Wire's Real Payoff® Premium reel assembly products do not infringe Claims 11, 12, 17 and 18 of the '366 Patent. Claims 11 and 17 are independent claims and claim 12 and 18 depend from them respectively.

42.     For example, Encore Wire's Real Payoff® Premium reel assembly products do not

have the specific functionality claimed in Claim 11 of the '366 Patent of "a second flange affixed proximate to the second end of the axle."

43.     Encore Wire's Real Payoff® Premium reel assembly products do not have the specific functionality claimed in Claim 17 of the '366 Patent of "a drum rotatably installed on the axle."

44.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Encore Wire seeks a declaration that Encore Wire's Real Payoff® Premium reel assembly products do not infringe Claims 11, 12, 17 and 18 of the '366 Patent.

**COUNT III—DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '831 PATENT**

45.     Encore Wire restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

46.     Southwire has threatened Encore Wire with enforcement of its intellectual property rights for alleged infringement of Claim 24 of the '831 Patent by Encore Wire's Real Payoff® Premium reel assembly product.

47.     As a result, there is an actual, justiciable, substantial, and immediate controversy between Encore Wire and Southwire regarding whether Encore Wire's Real Payoff® Premium reel assembly products infringe Claim 24 of the '831 Patent.

48.     Encore Wire's Real Payoff® Premium reel assembly products do not infringe Claim 24 of the '831 Patent.

49.     For example, Encore Wire's Real Payoff® Premium reel assembly products do not have the specific functionality claimed in Claim 24 of the '831 Patent of "a drum affixed to the axle such that the drum and the axle rotate together."

50.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Encore

Wire seeks a declaration that Encore Wire's Real Payoff® Premium reel assembly products do not infringe Claim 24 of the '831 Patent.

## COUNT IV—DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '153 PATENT

51.     Encore Wire restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

52.     Southwire has threatened Encore Wire with enforcement of its intellectual property rights for alleged infringement of Claim 1 of the '153 Patent by Encore Wire's Cyclone® Barrel Pack product.

53.     As a result, there is an actual, justiciable, substantial, and immediate controversy between Encore Wire and Southwire regarding whether Encore Wire's Cyclone® Barrel Pack product infringes Claim 1 of the '153 Patent.

54.     Encore Wire's Cyclone® Barrel Pack product does not infringe Claim 1 of the '153 Patent.

55.     For example, Encore Wire's Cyclone® Barrel Pack product does not have the specific functionality claimed in Claim 1 of the '153 Patent of "multiple freely associated unbound individually sheathed conductors arranged in parallel and layered together."

56.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Encore Wire seeks a declaration that Encore Wire's Cyclone® Barrel Pack product does not infringe Claim 1 of the '153 Patent.

## COUNT V—DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '219 PATENT

57.     Encore Wire restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

58.     Southwire has threatened Encore Wire with enforcement of its intellectual property

rights for alleged infringement of the '219 Patent by Encore Wire's Cyclone® Barrel Pack product.

59.     As a result, there is an actual, justiciable, substantial, and immediate controversy between Encore Wire and Southwire regarding whether Encore Wire's Cyclone® Barrel Pack product infringes the '219 Patent.

60.     Encore Wire's Cyclone® Barrel Pack product does not infringe the '219 Patent.

61.     For example, Encore Wire's Cyclone® Barrel Pack product does not have the specific functionality claimed in Claim 1 of the '219 Patent of "receiving the multiple conductors at a monitoring station configured to monitor a length of each of the multiple conductors." Claim 1 is the only independent claim of the '219 Patent.

62.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Encore Wire seeks a declaration that Encore Wire's Cyclone® Barrel Pack product does not infringe the '219 Patent.

**COUNT VI—DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '494 PATENT**

63.     Encore Wire restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

64.     Southwire has threatened Encore Wire with enforcement of its intellectual property rights for alleged infringement of the '494 Patent by Encore Wire's Cyclone® Barrel Pack product.

65.     As a result, there is an actual, justiciable, substantial, and immediate controversy between Encore Wire and Southwire regarding whether Encore Wire's Cyclone® Barrel Pack product infringes the '494 Patent.

66.     Encore Wire's Cyclone® Barrel Pack product does not infringe the '494 Patent.

67.     For example, Encore Wire's Cyclone® Barrel Pack product does not have the

specific functionality claimed in Claim 1 of the '494 Patent of "receiving the multiple conductors at a monitoring station configured to monitor a length of each of the multiple conductors." Claim 1 is the only independent claim of the '494 Patent.

68.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Encore Wire seeks a declaration that Encore Wire's Cyclone® Barrel Pack product does not infringe the '494 Patent.

## COUNT VII—DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '816 PATENT

69.     Encore Wire restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

70.     Southwire has threatened Encore Wire with enforcement of its intellectual property rights for alleged infringement of the '816 Patent by Encore Wire's Cyclone® Barrel Pack product.

71.     As a result, there is an actual, justiciable, substantial, and immediate controversy between Encore Wire and Southwire regarding whether Encore Wire's Cyclone® Barrel Pack product infringes the '816 Patent.

72.     Encore Wire's Cyclone® Barrel Pack product does not infringe the '816 Patent.


73.     For example, Encore Wire's Cyclone® Barrel Pack product does not have the specific functionality claimed in Claim 1 of the '816 Patent of "receiving the multiple conductors from at least one payoff reel at a monitoring station configured to monitor a length of each of the multiple conductors." Claim 1 is the only independent claim of the '816 Patent.

74.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Encore Wire seeks a declaration that Encore Wire's Cyclone® Barrel Pack product does not infringe the '816 Patent.

**COUNT VIII—DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '830 PATENT**

75.     Encore Wire restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

76.     Southwire has threatened Encore Wire with enforcement of its intellectual property rights for alleged infringement of the '830 Patent by Encore Wire's Cyclone® Barrel Pack product.

77.     As a result, there is an actual, justiciable, substantial, and immediate controversy between Encore Wire and Southwire regarding whether Encore Wire's Cyclone® Barrel Pack product infringes the '830 Patent.

78.     Encore Wire's Cyclone® Barrel Pack product does not infringe the '830 Patent.

79.     For example, Encore Wire's Cyclone® Barrel Pack product does not have the specific functionality claimed in Claim 1 of the '830 Patent of "receiving the multiple unbound conductors at a monitoring station configured to monitor a length of each of the multiple conductors individually passing through the monitoring station." Claim 1 is the only independent claim of the '830 Patent.

80.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Encore Wire seeks a declaration that Encore Wire's Cyclone® Barrel Pack product does not infringe the '830 Patent.

**COUNT IX—DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '598 PATENT**

81.     Encore Wire restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

82.     Southwire has threatened Encore Wire with enforcement of its intellectual property rights for alleged infringement of the '598 Patent by Encore Wire's Cyclone® Barrel Pack product.

83.     As a result, there is an actual, justiciable, substantial, and immediate controversy

between Encore Wire and Southwire regarding whether Encore Wire's Cyclone® Barrel Pack product infringes the '598 Patent.

84.     Encore Wire's Cyclone® Barrel Pack product does not infringe the '598 Patent.

85.     For example, Encore Wire's Cyclone® Barrel Pack product does not have the specific functionality claimed in Claim 1 of the '598 Patent of "receiving, after receiving the multiple conductors through the tension equalization fixture, the multiple conductors at a monitoring station configured to monitor a length of each of the multiple conductors individually passing through the monitoring station." Claim 1 is the only independent claim of the '598 Patent.

86.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Encore Wire seeks a declaration that Encore Wire's Cyclone® Barrel Pack product does not infringe the '598 Patent.

## COUNT X—DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '300 PATENT

87.     Encore Wire restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

88.     Southwire has threatened Encore Wire with enforcement of its intellectual property rights for alleged infringement of Claim 1 of the '300 Patent by Encore Wire's Cyclone® Barrel Pack product.

89.     As a result, there is an actual, justiciable, substantial, and immediate controversy between Encore Wire and Southwire regarding whether Encore Wire's Cyclone® Barrel Pack product infringes Claim 1 of the '300 Patent.

90.     Encore Wire's Cyclone® Barrel Pack product does not infringe Claim 1 of the '300 Patent.

91.     For example, Encore Wire's Cyclone® Barrel Pack product does not have the

specific functionality claimed in Claim 1 of the '300 Patent of "a restricting mechanism through which the plurality of individually sheathed conductors pass wherein the restricting mechanism is configured to move within the container while the container remains stationery."

92.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Encore Wire seeks a declaration that Encore Wire's Cyclone® Barrel Pack product does not infringe Claim 1 of the '300 Patent.

## COUNT XI—DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '924 PATENT

93.     Encore Wire restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

94.     Southwire has threatened Encore Wire with enforcement of its intellectual property rights for alleged infringement of Claim 1 of the '924 Patent by Encore Wire's Cyclone® Barrel Pack product.

95.     As a result, there is an actual, justiciable, substantial, and immediate controversy between Encore Wire and Southwire regarding whether Encore Wire's Cyclone® Barrel Pack product infringes Claim 1 of the '924 Patent.

96.     Encore Wire's Cyclone® Barrel Pack product does not infringe Claim 1 of the '924 Patent.

97.     For example, Encore Wire's Cyclone® Barrel Pack product does not have the specific functionality claimed in Claim 1 of the '924 Patent of "providing a grouping of the at least two individually sheathed conductors after passing through the restricting mechanism."

98.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Encore Wire seeks a declaration that Encore Wire's Cyclone® Barrel Pack product does not infringe Claim 1 of the '924 Patent.

## COUNT XII—DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '010 PATENT

99.     Encore Wire restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

100.     Southwire has threatened Encore Wire with enforcement of its intellectual property rights for alleged infringement of Claim 16 of the '010 Patent by Encore Wire's NM-B Building product.

101.     As a result, there is an actual, justiciable, substantial, and immediate controversy between Encore Wire and Southwire regarding whether Encore Wire's NM-B Building product infringes Claim 16 of the '010 Patent.

102.     Encore Wire's NM-B Building product does not infringe Claim 16 of the '010 Patent.

103.     For example, Encore Wire's NM-B Building product does not have the specific functionality claimed in Claim 16 of the '010 Patent of "a pulling lubricant mixed with at least a portion of the insulating material."

104.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Encore Wire seeks a declaration that Encore Wire's NM-B Building product does not infringe Claim 16 of the '010 Patent.

## COUNT XIII—DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '533 AND '308 PATENTS

105.     Encore Wire restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

106.     Southwire has threatened Encore Wire with enforcement of its intellectual property rights for alleged infringement of Claim 1 of the '533 Patent and Claim 1 of the '308 Patent by Encore's SmartColorID® technology.

107.    As a result, there is an actual, justiciable, substantial, and immediate controversy between Encore Wire and Southwire regarding whether Encore Wire's SmartColorID® technology infringes Claim 1 of the '533 Patent or Claim 1 of the '308 Patent.

108.    However, the claims of the '533 and '308 Patents are unenforceable due to inequitable conduct that occurred during the prosecution of U.S. Patent Application No. 11/870676 ("the '676 application"), which issued as the '533 Patent and during the prosecution of U.S. Patent Application No. 14/033,774 ("the '774 application"), which issued as the '308 Patent.

109.    During prosecution, individuals owing a duty of candor to the USPTO failed to provide the USPTO with material information with the intent to deceive the USPTO. Specifically, these individuals failed to inform the USPTO: (i) of the correct inventorship of the '533 and '308 Patents; and (ii) of a prior art demonstration of an embodiment of the alleged invention of the '533 and '308 Patents.

110.    Robert Eugene Brooks is the founder and sole owner of Brooks Engineering, which is based in California. Brooks Engineering was founded in 1987 and its business was directed toward design and manufacturing of labeling systems, including the design and manufacture of machines to apply labels to cables. *See* Exh. 17.

111.    Around December 1993, Mr. Brooks developed and reduced to practice label machines that wrap a label around corrugated connection tubing. Then, in September 2006, Mr. Brooks began developing the label machine disclosed in the '676 application. In December 2006, Mr. Brooks reduced the invention to practice.

112.    On or about October 26, 2006, Mr. Brooks communicated with Southwire regarding its purchase of one of his label machines. Southwire and Mr. Brooks communicated numerous times in the months of October, November and December of 2006 regarding the purchase of one of Mr. Brooks' label machines.

113.    On or about November 6, 2006, Mr. Brooks met with Richard Miller, Ken Hardin, and Benny Agan, all of Southwire, regarding purchase of one of Mr. Brooks' label machines. A video tape showing one of Mr. Brooks' working labeling machine was played for the participants of this meeting. Southwire purchased one of Mr. Brooks' labeling machines. That machine was installed in Southwire's Carrollton facility on or about the end of January 2007.

114.    On October 11, 2007, Southwire filed the '676 application and on September 23, 2013, Southwire filed the '774 application, both of which disclosed the functionality of Mr. Brooks' labeling machine. The '676 and '774 applications listed William K. Hardin, Richard R. Miller and Henry L. Adams as the inventors. Both Mr. Miller and Mr. Hardin had attended the November 6, 2006 meeting with Mr. Brooks.

115.    The '676 application incorrectly failed to list Mr. Brooks as an inventor. Each listed inventor was aware of their duty to disclose the correct inventorship by virtue of signing their oath and declaration a part of the '676 application. In other words, these inventors committed inequitable conduct by purposely failing to disclose Mr. Brooks as an inventor. Exh. 18.

116.    The '774 application incorrectly failed to list Mr. Brooks as an inventor. Each listed inventor was aware of their duty to disclose the correct inventorship by virtue of signing their oath and declaration a part of the '774 application. In other words, these inventors committed inequitable conduct by purposely failing to disclose Mr. Brooks as an inventor. Exh. 19.

117.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Encore Wire seeks a declaration that Southwire's '533 and '308 Patent is unenforceable due to inequitable conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Encore Wire prays for a declaratory judgment against Southwire as follows:

A.  A declaration that Encore Wire's Real Payoff® Premium reel assembly product does not

infringe United States Patent Nos. 9,403,659, 10,266,366 and 11,358,831;

B.   A declaration that Encore Wire's Cyclone® Barrel Pack product does not infringe United States Patent Nos. 8,936,153, 9,145,219, 9,796,494, 10,427,816, 10,843,830, 11,267,598, 9,867,300 and 10,356,924;

C.   A declaration that Encore Wire's NM-B Building product does not infringe United States Patent No. 10,763,010;

D.   A declaration that United States Patent Nos. 8,347,533 and 9,070,308 are unenforceable;

E.   An award of costs and attorneys' fees to Encore Wire; and

F.   Such other relief as this Court or a jury may deem proper and just under the circumstances.

**JURY TRIAL DEMAND**

SEncore Wire requests a trial by jury on all issues so triable.

Dated: September 14, 2023

Respectfully submitted,

/s/ Edward F. Fernandes

Edward F. Fernandes
**KING & SPALDING LLP**
500 West 2nd Street
Suite 1800
Austin, Texas 78701
Tel: (512) 457-2000

Stephen E. Baskin *(To be admitted pro hac)*
Dara M. Kurlancheek *(To be admitted pro hac)*
**KING & SPALDING LLP**
1700 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Tel: (202) 737-0500

Sanford E. Warren, Jr.
R. Scott Rhoades
**WARREN RHOADES LLP**
2909 Turner Warnell Rd
Suite 131
Arlington, Texas 76001
Tel: (972) 550-7500

*Counsel for Plaintiff Encore Wire Corporation*